UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | |
|---|---|
| LYDIA TACKETT, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7: 04-350-DCR |
| ) | |
| V. ) | |
| ) | |
| JO ANNE BARNHART, ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for consideration of cross-motions for summary judgment filed by Plaintiff Lydia Tackett ("Tackett") and Defendant Jo Anne Barnhart, Commissioner of Social Security ("Commissioner"). [Record Nos. 8, 9] Tackett seeks to reverse the decision of an administrative law judge ("ALJ"), concluding that she was not entitled to disability insurance benefits. However, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed. For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Tackett.

## I.    LEGAL STANDARD

A claimant's Social Security disability determination is made by an ALJ in accordance with a five-step analysis. If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. First, a claimant must demonstrate that he is not currently engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 404.1520(b). Second, a claimant must show that he suffers from a

severe impairment. 20 C.F.R. § 404.1520(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months, which meets or equals a listed impairment, he will be considered disabled without regard to age, education, and work experience. 20 CFR § 404.1520(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the Claimant's residual function capacity ("RFC") and relevant past work to determine if he can do past work. If he can, he is not disabled. 20 C.F.R. § 404.1520(f).[1]

Under the fifth step of this analysis, if the claimant's impairment prevents him from doing past work, the Commissioner will consider his RFC, age, education and past work experience to determine if he can perform other work. If he cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lashley v. Sec'y of Health and Human Services*, 708 F.2d 1048, 1053 (6th Cir. 1983). While significant deference is accorded to the ALJ, the standard employed in these cases does not permit a

---

[1] Pursuant to 68 Fed. Reg. 51153, 51161-62, the Commissioner has changed the lettering of the relevant Code of Federal Regulations. What was previously 20 C.F.R. § 404.1520(e) and (f) are now 20 C.F.R. § 404.1520(f) and (g), respectively.

selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must be taken into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004); *Garcia v. Sec'y of Health and Human Services*, 46 F.3d 552, 555 (6th Cir. 1995); *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Sec'y of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v. Sec'y of Health and Human Services*, 893 F.2d 106, 108 (6th Cir. 1989). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

In determining whether the ALJ's opinion is supported by substantial evidence, courts may not "try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted). It is the job of the ALJ to make credibility findings after listening to testimony, observing the claimant's demeanor, and evaluating the testimony in light of the written evidence. Credibility determinations are particularly within the province of the ALJ. *Gooch v. Sec'y of Health and Human Services*, 833 F.2d 589 (6th Cir. 1987); *Villarreal v. Sec'y of Health and Human Services*, 818 F.2d 461, 464 (6th Cir. 1987).

## II.     PROCEEDINGS BEFORE THE ALJ

On May 3, 2003, an administrative hearing was held before ALJ William Gitlow in Prestonsburg, Kentucky.  During this hearing, the ALJ received testimony from Tackett. Anthony Michael, Jr., a vocational expert ("VE"), was also present but did not testify during the hearing.  The ALJ determined that further evidence was needed and requested additional records from Drs. Lester, Weitzel, Templin, Scott, and Vaughn, as well as physical therapy records and an MRI report.  The VE further ordered psychological and orthopedic consultative evaluations. Tackett also submitted additional medical evidence from Harlan Appalachian Regional Healthcare and Dr. Elena Gabor.

A second hearing was held on May 4, 2004.  During the supplemental hearing, the ALJ received testimony from Tackett and Melissa Gannon, a VE.  Thereafter, the ALJ issued a decision denying benefits to Tackett.  The ALJ concluded that Tackett retained the residual functional capacity to perform a significant range of sedentary work.  [Transcript ("Tr."), p. 29] Based on testimony from the VE, the ALJ further concluded that Tackett was capable of performing a significant number of jobs in the national economy.  [Tr., p. 30]

## III.    DISCUSSION

Tackett's sole argument is that the ALJ erred by failing to recontact her treating physician, Dr. Lester.  The ALJ discounted Dr. Lester's conclusion that Tackett was unable lift or carry more than 15 pounds, with no repetitive bending, noting such a conclusion was not supported by the record and that Dr. Lester "only noted the claimant had tenderness with deep tendon reflexes and strength within normal limits and there was no mention of any evidence of

spasm." (Tr., p. 26)  He further noted that Dr. Lester had not reviewed Tackett's MRI.  Tackett argues that the ALJ should have recontacted Dr. Lester to "obtain additional information and clarification of his opinion."  (Clmt.'s Br. at 4).

>Title 20 C.F.R. Section 404.1512(e) provides, in relevant part:
>
>Recontacting medical sources. When the evidence we receive from your treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled, we will need additional information to reach a determination or a decision.  To obtain the information, we will take the following actions.
>
>(1) We will first recontact your treating physician or psychologist or other medical source to determine whether the additional information we need is readily available.  We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques.  We may do this by requesting copies of your medical source's records, a new report, or a more detailed report from your medical source, including your treating source, or by telephoning your medical source. In every instance where medical evidence is obtained over the telephone, the telephone report will be sent to the source for review, signature and return.

The ALJ was correct that the record did not support the conclusion that Tackett could not lift more than 15 pounds, with no repetitive bending.  As noted by the ALJ, Dr. Lester's own treatment notes indicate that Tackett's deep tendon reflexes were intact and her strength was good. (Tr., p. 406).  Unsupported conclusions, even from treating physicians, are not accorded any particular deference.  20 C.F.R. § 404.1527(d)(2).  The ALJ further noted that Dr. Gabor, Tackett's treating physician, as well as Dr. Ahmed, Dr. Mirani, and Dr. Santos reported no work limitations.  (Tr., pp. 25, 169-75, 187-271, 311-12, 362-71, 436-40, 463-69).  Further, state agency physicians limited Tackett to lifting only 50 pounds occasionally and 25 pounds

frequently. "State agency medical consultants are considered experts and their opinions may be entitled to greater weight if their opinions are supported by the evidence." *Hoskins v. Comm'r of Soc. Sec.*, 106 Fed. Appx. 412, 415 (6th Cir. 2004). Substantial evidence in the record supported a slightly greater weight restriction than that suggested by Dr. Lester.

Perhaps most importantly, the recontacting provision cited by Tackett is only triggered when the medical information in the record is inadequate for the Commissioner to determine whether the claimant is disabled. 20 C.F.R. § 404.1512(e) ("When the evidence we receive from your treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled, we will need additional information to reach a determination or a decision."). Tackett has not argued that the ALJ lacked sufficient evidence. Indeed, the ALJ went through great pains to collect as much information as possible, going so far as to order additional information from five of Tackett's physicians (including Dr. Lester) and ordering two independent consultative examinations after the initial hearing. And, prior to the second hearing, Tackett supplemented the record with additional medical records. She does not identify which medical records the ALJ lacked that would have required recontacting Dr. Lester. Thus, 20 C.F.R. § 404.1512(e) did not apply because there *was* sufficient evidence in the record for the Commissioner to determine whether Tackett was disabled.

Based upon a review of the administrative record and the briefs submitted by the parties, it is clear that substantial evidence supports the Commissioner's final decision. Accordingly, it is hereby

**ORDERED** as follows:

(1)    Claimant's Motion for Summary Judgment [Record No. 8] is **DENIED**;

(2)    The Commissioner's Motion for Summary Judgment [Record No. 9] is **GRANTED**; and

(3)    The administrative decision of the Commissioner is hereby **AFFIRMED**. A separate judgment entered this date.

This 31st day of May, 2005.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge